# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Razak Iyal,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Jon Gurule, Deputy Field Office Director, United States Department of Homeland Security Immigration and Customs Enforcement,<br><br>　　　　Respondent. | No. 2:15-cv-00250-DLR-JZB<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

On February 10, 2015, Petitioner Razak Iyal, who was then detained at the Immigration and Customs Enforcement Eloy Detention Center in Eloy, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION**

Petitioner asserts that he has been detained for more than six months beyond the date of his final order of removal, in violation of the decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.) In his Petition, Petitioner seeks release from detention under an order of supervision. However, Petitioner has been released from custody under an order of supervision dated May 6, 2015. (Doc. 8-1.) Therefore, the Petition is now moot.

## II.     BACKGROUND

### A.     FACTS OF THE CASE

Petitioner is a native and citizen of Ghana. (Doc. 1 at 4; Doc. 6, Ex. 1.) On August 6, 2013, Petitioner applied for admission to the United States at the San Ysidro port-of-entry in California, and requested asylum in the United States. (Doc. 1 at 4; Doc. 6, Ex. 2.) Petitioner was detained by United States Immigrations and Customs Enforcement ("ICE") officials on that date. (Doc. 1 at 4.)

On August 9, 2013, the Department of Homeland Security served Petitioner with an unexecuted Form I-860, Notice and Order of Expedited Removal, charging him with violating Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), as an alien not in possession of a valid entry document. (Doc. 6, Ex. 3.) On August 27, 2013, the government issued a Form I-862, Notice to Appear, charging Petitioner with inadmissibility to the United States under INA § 212(a)(7)(A)(i)(1), as an immigrant not in possession of a valid entry document. (*Id.*, Ex. 6.)

On February 11, 2014, following a custody redetermination hearing wherein the government bears the burden of proving that the alien is a danger or a flight risk, an Immigration Judge ("IJ") granted Petitioner release from custody if he could post a $7,500.00 bond. (*Id.*, Ex. 7.) Petitioner avers he could not afford to pay the bond at that time. (Doc. 1 at 4.)

On August 1, 2014, Petitioner appeared before an IJ and presented his claim for asylum and for withholding of removal. The IJ denied Petitioner's request for asylum and Petitioner's request for withholding of removal, and ordered Petitioner removed from the United States to Ghana. (*Id.*; Doc. 6, Ex. 8.) Petitioner waived his right to appeal the order of removal. (Doc. 1 at 4.) Accordingly, Petitioner's order of removal became final on August 1, 2014.

Petitioner avers he has cooperated with the Ghanian Consulate to acquire travel documents. (*Id.*) On November 13, 2014, Petitioner was denied release from immigration detention under an order of supervision, pending his removal to Ghana. (*Id.*)

On February 23, 2015, six months after the date his order of removal became final, Petitioner was served with a second Decision to Continue Detention, which stated that travel documents were expected to be issued for Petitioner's repatriation to Ghana. (Doc. 6, Ex. 10.)

### B.  FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On February 10, 2015, Petitioner filed a petition pursuant to § 2241, asserting that he has been detained for more than six months beyond the date his order of removal became final, in violation of the United States Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.)  In his habeas Petition, Petitioner seeks his immediate release from detention, under an order of supervision. (*Id.*)  Petitioner alleges that, because his removal is not significantly likely to occur in the reasonably foreseeable future, his continued detention violates the holding of *Zadvydas*.

On March 23, 2015, Respondent filed a Response to the Petition.  (Doc. 6.) Petitioner filed a Reply to the Response to his Petition on April 20, 2015.  (Doc. 7.)

On May 8, 2015, Respondent filed a Notice stating that Petitioner has been granted the relief requested in his habeas petition, i.e., Petitioner has been released from custody under an order of supervision dated May 6, 2015. (Doc. 8, Ex. A) ("Because the Service has not affected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions …").  Therefore, Respondent argues, the Petition is now moot.

On August 4, 2015, the Court issued an Order to Show Cause, requiring the Petitioner, on or before August 18, 2015, to file a response showing good cause why this action should not be dismissed as moot. (Doc. 9.)  The Clerk mailed copies of the Court's Order to both Petitioner's address on the docket and his New York address included in the Order of Supervision.  The docket reflects that Petitioner has not filed the required response.

### III.  PETITIONER'S PETITION IS MOOT.

The writ of habeas corpus affords relief to persons in custody pursuant to the

3

judgment of a court in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241. "The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves in abstract disagreements." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted). The Court must dismiss a case as moot if, at any point, it becomes certain either that "'the allegedly wrongful behavior could not reasonably be expected to recur,'" *Friends of the Earth Inc. v. Laidlaw Environmental Assoc. (TOC), Inc.*, 528 U.S. 167 (2000) (citation omitted), or that there is no effective relief remaining for the court to provide. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996).

The Court does not have subject matter jurisdiction to consider a habeas claim that is moot. *See*, *e.g.*, *McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013). Petitioner's case is rendered moot by the fact that he has received the relief requested. *See Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases wherein a petitioner's release from detention or parole or their removal rendered a habeas petition moot); *Flores–Torres v. Mukasey*, 548 F.3d 708, 710 & n.3 (9th Cir. 2008) (dismissing as moot a challenge to immigration detention without a hearing because the alien had subsequently received a hearing). *Compare Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (finding habeas petition was not moot where petitioner's supervised release left open the possibility of the court's issuance of effectual relief).

**IV. CONCLUSION**

Petitioner no longer has a personal stake in the outcome of his argument because he has been afforded the relief sought from Respondent. Because Petitioner no longer has a personal stake in the relief sought, his Petition is moot. *Abbot v. Federal Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014). *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117-18 (9th Cir. 2010).

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED**

**WITHOUT PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 28th day of August, 2015.

Honorable John Z. Boyle
United States Magistrate Judge